# United States Court of Appeals
## For the First Circuit

No. 17-1034

UNITED STATES OF AMERICA,

Appellee,

v.

DOUGLAS BLODGETT,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Torruella, Selya and Lynch,
Circuit Judges.

Clifford B. Strike and Strike, Gonzales & Butler Bailey on brief for appellant.
Richard W. Murphy, Acting United States Attorney, and Benjamin M. Block, Assistant United States Attorney, on brief for appellee.

September 27, 2017

**SELYA**, **Circuit Judge**. In this sentencing appeal, we confront an issue of first impression in this circuit: defendant-appellant Douglas Blodgett asks us to declare unconstitutional, as violative of the Due Process Clause of the Fifth Amendment, the mandatory minimum sentence for accessing child pornography applicable to any individual who has a prior state conviction for abusive sexual conduct involving a minor. See 18 U.S.C. § 2252A(b)(2). In the bargain, he also contends that this mandatory minimum constitutes cruel and unusual punishment under the Eighth Amendment. Concluding that the defendant's asseverational array lacks force, we affirm the challenged sentence.

## I. BACKGROUND

We briefly rehearse the background and travel of the case. Because this appeal follows the defendant's guilty plea, we draw the facts from the undisputed portions of the presentence investigation report and the sentencing transcript. See United States v. King, 741 F.3d 305, 306 (1st Cir. 2014); United States v. Dietz, 950 F.2d 50, 51 (1st Cir. 1991).

On November 20, 1996, the defendant, then age twenty-six, was arrested for molesting a thirteen-year-old girl. This incident led to his 1997 conviction, in a Maine state court, on charges of unlawful sexual contact. See Me. Rev. Stat. Ann. tit. 17-A, § 255 (1996), repealed by 2001 Me. Laws 562. Thereafter,

- 2 -

the defendant had a clean slate for nearly two decades. In early 2016, though, an investigation by the Department of Homeland Security revealed that he had downloaded and viewed sexual depictions of prepubescent minors.

On April 27, 2016, a federal grand jury sitting in the District of Maine charged the defendant with one count of accessing child pornography with the intent to view it. See 18 U.S.C. § 2252A(a)(5)(B). Roughly four months later, the defendant pleaded guilty to the charge.

At the disposition hearing, the district court determined that the defendant's total offense level and criminal history yielded a guideline sentencing range of 57 to 71 months. The court held, however, that a ten-year mandatory minimum sentence required by statute trumped the guideline range, see 18 U.S.C. § 2252A(b)(2), and sentenced the defendant to ten years' imprisonment. As relevant here, the statutory provision relied on by the court prescribes a ten-year minimum and a twenty-year maximum sentence if an individual has accessed child pornography with intent to view it and has a prior state conviction pertaining to "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."[1] Id. After the imposition of sentence, this timely appeal ensued.

_____

[1] For the sake of completeness, we note that the ten-year mandatory minimum may also apply if a defendant has previously

- 3 -

**II. ANALYSIS**

On appeal, the defendant assigns error in two respects. We consider these assignments of error sequentially.

### A. Due Process.

The defendant does not dispute that his 1997 conviction for unlawful sexual contact was a prior state conviction involving abusive sexual conduct with a minor. Rather, his principal claim is that imposition of the ten-year minimum sentence under section 2252A(b)(2) amounts to arbitrary governmental action in violation of the Due Process Clause. We review this claim de novo because it turns on an abstract legal proposition. See United States v. Ramos-Paulino, 488 F.3d 459, 463 (1st Cir. 2007).

Every person has the "fundamental right" to be free from criminal punishment unless and until the government "proves his guilt beyond a reasonable doubt" in a proceeding "conducted in accordance with the relevant constitutional guarantees." Chapman v. United States, 500 U.S. 453, 465 (1991). Once a person has been convicted, though, any punishment prescribed is consistent with the Due Process Clause as long as "Congress had a rational basis for its choice of penalties" and the particular penalty imposed "is not based on an arbitrary distinction." Id. It

---

been convicted of certain other federal and state crimes relating to sexual predation, including the "production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." 18 U.S.C. § 2252A(b)(2).

- 4 -

follows that a statute requiring a mandatory minimum sentence is presumptively valid and will be upheld unless it is not "rationally related to legitimate government interests." Washington v. Glucksberg, 521 U.S. 702, 728 (1997); see, e.g., United States v. Wheelock, 772 F.3d 825, 830 (8th Cir. 2014) (applying rational basis review to due process challenge to mandatory minimum sentence for child pornography offense under section 2252(b)(1)). Rebutting this presumption is a daunting task, requiring the defendant to show the irrationality of any and all justifications potentially undergirding the challenged sentence. See González-Droz v. González-Colón, 660 F.3d 1, 9 (1st Cir. 2011) (citing Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 367 (2011)).

The defendant has failed to carry this heavy burden. The legislative history of a statute is often a window into the reasons behind its enactment. See Richardson v. Belcher, 404 U.S. 78, 82 (1971). To find a rational basis for the mandatory minimum penalty under section 2252A(b)(2), we need look no further than the statute's legislative history.

Congress increased the penalty under section 2252A(b)(2) from two years to ten years in the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 103(b)(1)(F), 117 Stat. 650, 653 (2003). As new modes of communication proliferated over time, child pornography — and with it, sexual abuse and

exploitation of minors — became increasingly prevalent problems. See United States v. Polk, 546 F.3d 74, 77 (1st Cir. 2008); see also United States v. MacEwan, 445 F.3d 237, 250 (3d Cir. 2006). The PROTECT Act was designed to penalize participants "at all levels in the distribution chain" for child pornography. Polk, 546 F.3d at 77 (citation omitted). Congress fashioned the ten-year mandatory minimum sentence under section 2252A(b)(2) out of a concern that federal judges had sentenced child pornography defendants too leniently and had not accounted sufficiently for the dangers posed by recidivist offenders. See H.R. Rep. No. 108-66, at 51 (2003) (Conf. Rep.) (noting that "increased mandatory minimum sentences" were necessary because, inter alia, many courts had misconceived of possessory child pornography crimes as being "not serious"); S. Rep. No. 108-2, at 19 (2003) (noting that Section 103 of the PROTECT Act was meant to "enhance[] penalties for repeat offenders of child sex offenses").

This legislative history makes pellucid that Congress's insistence on a ten-year mandatory minimum under section 2252A(b)(2) has a rational basis. After all, "the punishment of recidivism . . . 'has long been recognized as a legitimate basis for increased punishment.'" MacEwan, 445 F.3d at 248 (quoting Ewing v. California, 538 U.S. 11, 25 (2003) (plurality opinion)). Against this backdrop, Congress reasonably concluded that participants in the child pornography market who had a prior

history of sexual abuse and had been unable to "comport their conduct to the dictates of the law" were especially dangerous and needed to be punished more severely. United States v. Gross, 437 F.3d 691, 694 (7th Cir. 2006).

In an effort to blunt the force of this reasoning, the defendant argues that the mandatory minimum sentence is arbitrary as applied to him due to the two-decade lapse between his state conviction and his federal conviction. Relatedly, the defendant argues that section 2252A(b)(2) is arbitrary under the facts of this case because — in his view — Congress was concerned chiefly with punishing offenders who distribute or manufacture child pornography, not those who simply access and view child pornography.

These arguments are simply jejune. Congress already accounted for the distinction between these sorts of offenses by providing for a longer fifteen-year mandatory minimum sentence for those who distribute or manufacture child pornography and who have a prior conviction involving sexual predation. See 18 U.S.C. § 2252A(b)(1). Moreover, Congress plainly chose not to distinguish between defendants based on the amount of time elapsed since the commission of the predicate offense.

In all events, to the extent the defendant is arguing that the Due Process Clause entitles him to a wholly individualized

- 7 -

sentence, formulated without regard to any mandatory minimum, this argument is unavailing.

It is apodictic that in non-capital cases, the Constitution confers no right to such a totally individualized sentence. See United States v. Campusano, 947 F.2d 1, 3-4 (1st Cir. 1991). While sentencing ordinarily entails "an individualized assessment" of a defendant and his personal circumstances, Gall v. United States, 552 U.S. 38, 50 (2007); see 18 U.S.C. § 3553(a), a sentencing paradigm "providing for individualized sentences rests not on constitutional commands, but on public policy enacted into statutes," Chapman, 500 U.S. at 467 (internal quotation marks omitted). Here, it is undisputed that the defendant's criminal history placed him squarely within the confines of the mandatory minimum prescribed under section 2252A(b)(2). Congress chose to divest district courts of discretion to impose sentences below ten years in such circumstances — and that was Congress's choice to make. See id.; MacEwan, 445 F.3d at 252-53; Campusano, 947 F.2d at 3-4.

We add, moreover, that the defendant's attempt to downplay the severity of his conduct because he was a viewer of vile material, not a producer or distributor of it, is unpersuasive. Congress reasonably determined that it was necessary to reduce "both supply and demand in the interstate market" for child pornography. United States v. Paige, 604 F.3d

- 8 -

1268, 1273-74 (11th Cir. 2010). By accessing child pornography with intent to view it, the defendant contributed to the continued viability of this highly exploitative market; and Congress reasonably determined that such conduct, especially when carried out by a recidivist offender, warranted heightened punishment. See United States v. Ellison, 113 F.3d 77, 81 (7th Cir. 1997) (observing that "even the receipt of [child pornography] for personal use, without more, keeps producers and distributors of this filth in business").

The short of it is that the defendant tries to shrug off his accessing of child pornography as a mere peccadillo. Congress, however, took that sort of misbehavior more seriously, particularly when perpetrated by an individual with a prior record of abusive sexual conduct involving a minor.

In making this judgment, Congress recognized — reasonably, we think — that manufacturers and distributors of child pornography cannot thrive without consumers eager to embrace the smut that they produce. Given this perception, we conclude that the mandatory minimum sentence established under section 2252A(b)(2) is part of a rational sentencing scheme. It is, therefore, consistent with the Due Process Clause.

### B. **Cruel and Unusual Punishment**.

We turn next to the defendant's plaint that his ten-year sentence was grossly disproportionate to the crime that he

committed and, thus, infringed his Eighth Amendment right to be free from cruel and unusual punishment. Inasmuch as the defendant failed to raise his Eighth Amendment argument below, our review is limited to plain error. See United States v. Duarte, 246 F.3d 56, 57, 60 (1st Cir. 2001). We detect no error, plain or otherwise.

The Eighth Amendment's proscription against cruel and unusual punishment reaches sentences "that are grossly disproportionate to the underlying offense." Polk, 546 F.3d at 76. Given the high bar set by this standard, we need not linger long over the defendant's plaint.

The Eighth Amendment does not mandate "strict proportionality between crime and sentence but rather forbids only extreme sentences that are grossly disproportionate to the crime." Graham v. Florida, 560 U.S. 48, 60 (2010) (internal quotation marks omitted). A finding of gross disproportionality is "hen's-teeth rare," especially outside the capital punishment milieu. Polk, 546 F.3d at 76. As the Supreme Court has explained, mandatory minimum sentences, though perhaps appearing to be cruel in some circumstances, "are not unusual in the constitutional sense." Harmelin v. Michigan, 501 U.S. 957, 994 (1991). Instead, a mandatory minimum sentence reflects Congress's policy judgment, to

which the judicial branch owes substantial deference.  See Polk, 546 F.3d at 76.  So it is here.[2]

Undaunted by this stockpile of precedent, the defendant suggests that society would be better served if consumers of child pornography obtain psychological treatment in lieu of incarceration.  This suggestion, though, is misdirected: under our tripartite system of government, "Congress — not the judiciary — is vested with the authority to define, and attempt to solve . . . societal problems."  United States v. Saccoccia, 58 F.3d 754, 789 (1st Cir. 1995).  When Congress has identified a societal problem and articulated a rational response, courts must "step softly and cede a wide berth" to the legislature's "authority to match the type of punishment with the type of crime."  Polk, 546 F.3d at 76.

Congress has concluded that a ten-year mandatory minimum sentence is appropriate for an individual previously convicted of a state crime of sexual predation involving a child, who is thereafter convicted of accessing child pornography with intent to view it.  Because this conclusion is neither irrational nor prone

---

[2] Of course, a court weighing an Eighth Amendment challenge should also consider "the sentences imposed on other criminals in the same jurisdiction" as well as "the sentences imposed for commission of the same crime in other jurisdictions."  Solem v. Helm, 463 U.S. 277, 292 (1983).  But a court may bypass these two steps when the challenged sentence, on its face, is not grossly disproportionate to the offense of conviction.  See Polk, 546 F.3d at 76 (citing Ewing, 538 U.S. at 23, 30-31).  This is such a case.

to produce grossly disproportionate sentences, we are without authority to second-guess the legislative branch.  See United States v. Dwinells, 508 F.3d 63, 69 (1st Cir. 2007).

## III.  CONCLUSION

We need go no further.  For the reasons elucidated above, the judgment of the district court is

**Affirmed.**