# United States Court of Appeals
## For the First Circuit

No. 17-1178

UNITED STATES OF AMERICA,

Appellee,

v.

NOEL AQUINO-FLORENCIANI,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Torruella, Selya, and Kayatta,
Circuit Judges.

Jane Elizabeth Lee on brief for appellant.
James I. Pearce, Attorney, Appellate Section, Criminal
Division, United States Department of Justice, Kenneth A. Blanco,
Assistant Attorney General, Criminal Division, United States
Department of Justice, John P. Cronan, Acting Assistant Attorney
General, Criminal Division, United States Department of Justice,
Rosa E. Rodríguez-Vélez, United States Attorney, Thomas F.
Klumper, Assistant United States Attorney, Acting Chief, Appellate
Division, and Elba I. Gorbea-Padró, Assistant United States
Attorney, on brief for appellee.

June 25, 2018

**KAYATTA**, **Circuit Judge**.    Defendant Noel Aquino-Florenciani pleaded guilty to both producing and possessing child pornography and was sentenced to 264 months' imprisonment to be followed by ten years of supervised release.  On appeal, Aquino-Florenciani seeks resentencing, raising three claims of error.  We affirm.

## I.

In October 2015, federal agents detected that a computer associated with a particular IP address had shared a file containing child pornography.  After the agents identified the location of the computer, they obtained a warrant to search the premises and seize electronic equipment.  When they executed the search, the agents interviewed the internet account owner, who revealed that he shared his access with a family member and next-door neighbor, Noel Aquino-Florenciani.  The agents then went to Aquino-Florenciani's apartment, where they searched (with his consent) various electronic devices.  As the search ensued, Aquino-Florenciani told the agents that he used a peer-to-peer file-sharing service to download child pornography, had done so for approximately one year, and had over fifty pornographic videos of children on his computer.  He also stated that he had never sexually touched or photographed a minor.

Agents eventually found on Aquino-Florenciani's cellular phone a video of Aquino-Florenciani performing sexual acts on a

prepubescent minor male. In a subsequent interview with law enforcement, Aquino-Florenciani admitted that he made the video. Aquino-Florenciani was charged with one count of producing child pornography in violation of 18 U.S.C. § 2251(a) and (e) and one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). In April 2016, he pleaded guilty to both counts. The Presentence Investigation Report ("PSR") calculated a total offense level of thirty-eight, which, coupled with Aquino-Florenciani's Criminal History Category of I, yielded an advisory guidelines range of 235 to 293 months' imprisonment.

Aquino-Florenciani made no objection to the accuracy of the guidelines calculation. Rather, he argued that because the child pornography guidelines are not empirically based, the district court should not rely on them. The district court found that the guidelines range as calculated in this case "satisfactorily reflect[ed] the components of the offense by considering its nature and circumstances." The district court then imposed a custodial sentence of 264 months' imprisonment, to be followed by ten years of supervised release. As part of Aquino-Florenciani's supervised release conditions, the district court directed that Aquino-Florenciani "shall not possess or use . . . any . . . device with internet accessing capability at any time or place without prior approval from the probation officer." The district court further directed that Aquino-Florenciani "shall

permit routine inspections of his computer system or any other computer system maintained in his possession," and that he shall "consent to the installation of systems that will enable the probation officer or designee to monitor [Aquino-Florenciani's electronic devices]." Aquino-Florenciani did not object to these conditions.

## II.

Aquino-Florenciani now appeals his sentence, contending that the supervised release condition restricting his possession and use of internet-capable electronics was not compliant with the mandates of 18 U.S.C. § 3583(d) and that the district court's use of the child pornography guidelines was an abuse of discretion. He also raises one additional issue in a sealed brief.

## A.

We address first Aquino-Florenciani's argument that the supervised release condition prohibiting him from possessing or using computers, cell phones, or other internet-capable devices without prior approval from his probation officer amounts to an excessive "total ban" on his internet use. In his view, such a ban contradicts the requirements of 18 U.S.C. § 3583(d) that special conditions of supervised release be "reasonably related to" the factors set forth in 18 U.S.C. § 3553(a), "involve[] no greater deprivation of liberty than is reasonably necessary" to comport with the purposes described in section 3553(a), and be

- 4 -

"consistent with any pertinent policy statements issued by the Sentencing Commission." United States v. Hinkel, 837 F.3d 111, 125 (1st Cir. 2016) (citing these requirements). Aquino-Florenciani concedes that he did not object to the imposition of the condition about which he now complains and that plain error review thus applies. See United States v. Mejía-Encarnación, 887 F.3d 41, 45 (1st Cir. 2018). Under this standard, we reverse only where a defendant shows that: (1) an error occurred, (2) this error was clear or obvious, (3) the error affected the defendant's substantial rights, and (4) the error impaired the fairness, integrity, or public reputation of judicial proceedings. Id.

We reject, first, Aquino-Florenciani's characterization of the condition at issue as a "total ban" on his use of the internet. He is permitted to use the internet and possess internet-capable electronic devices, subject to approval from his probation officer and electronic monitoring. Should his probation officer behave unreasonably or the condition prove too onerous in 2035 -- the year in which he is currently scheduled for release -- he may request modification of the condition pursuant to 18 U.S.C. § 3583(e)(2).

Having properly characterized the condition, we also reject Aquino-Florenciani's challenge to its substance. "We have upheld broad restrictions on internet access as a condition of supervised release 'where (1) the defendant used the internet in

the underlying offense; (2) the defendant had a history of improperly using the internet to engage in illegal conduct; or (3) particular and identifiable characteristics of the defendant suggested that such a restriction was warranted.'" Hinkel, 837 F.3d at 126 (quoting United States v. Perazza-Mercado, 553 F.3d 65, 70 (1st Cir. 2009)). The first two of these factors are plainly present here; the underlying offense involved extensive downloading of child pornography and this behavior lasted for at least a year. And we need not even decide whether the third factor is met because the use of the disjunctive "or" indicates that meeting a single factor justifies the imposition of restrictions on internet access. Cf. Clark Sch. for Creative Learning, Inc. v. Phila. Indem. Ins. Co., 734 F.3d 51, 56–57 (1st Cir. 2013) (noting that the disjunctive "or" implies that terms are to be read separately). The bottom line is that the nature of Aquino-Florenciani's crimes is such that we cannot say that the imposition of restrictions on his possession and use of internet-connected devices as a condition of supervised release was clearly or obviously error, so Aquino-Florenciani's claim fails plain error review.

**B.**

Aquino-Florenciani also claims that his sentence was substantively unreasonable because the district court did not categorically reject any reliance on the sentencing guidelines for

- 6 -

child pornography.  He argues that such a rejection is called for because these particular guidelines do not rest on the type of empirical analysis that drives most other guidelines; rather, they emanate from a congressional fiat that, he says, invariably leads to substantively unreasonable sentences.  See United States v. Dorvee, 616 F.3d 174, 184–88 (2d Cir. 2010) (discussing the history of the child pornography guidelines and their practical effects on sentencing).  Aquino-Florenciani also contends that because the child pornography guidelines lead to the result that all or almost all defendants in child pornography cases qualify for guideline ranges near or exceeding the statutory maximum, it constitutes a per se abuse of discretion for a district court not to reject these guidelines.  While we generally review preserved arguments as to the substantive reasonableness of a sentence for abuse of discretion, see United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015), Aquino-Florenciani's preserved argument advocating for a per se rule is actually a claim of legal error, which triggers de novo review, see United States v. Andújar-Arias, 507 F.3d 734, 738 (1st Cir. 2007), abrogated on other grounds by United States v. Rodríguez, 527 F.3d 221, 229 (1st Cir. 2008).

Following Kimbrough v. United States, 552 U.S. 85 (2007), we acknowledged that district courts may, in their discretion, depart or vary downward from a guidelines sentence on the basis of a policy disagreement with the relevant guideline.

See United States v. Stone, 575 F.3d 83, 89 (1st Cir. 2009). We likewise noted that this is true even if the guideline -- as here -- is the "direct reflection of a congressional directive." Id. We also held that it is procedural error for a district court to impose a sentence where it "fails to recognize its discretion to vary from the guideline range based on a categorical policy disagreement." Id. And we acknowledged that the child pornography guidelines, which may indeed place all offenders near, at, or even above the statutory maximum for the offense, may suggest sentences in individual cases that strike us as "harsher than necessary." Id. at 97.

Nonetheless, our court has also rejected the argument that a district court abuses its discretion per se when it does not reject the child pornography guidelines. See United States v. Rivera-Hernández, No. 16-2144, 2018 WL 2752578, at *1-2 (1st Cir. June 8, 2018), and we do so again today. As we said in Stone, "the district court's broad discretion obviously includes the power to agree with the guidelines." 575 F.3d at 90. Given the breadth of the factors set forth in section 3553(a), there is no reason to presume that a congressional directive cannot provide a useful starting point in considering "the nature and circumstances of the offense" and "the need for the sentence imposed . . . to reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(1), (2)(A). We also note that no other circuit has adopted the

approach Aquino-Florenciani urges, and indeed, several have rejected it. See, e.g., United States v. Fry, 851 F.3d 1329, 1333–34 (D.C. Cir. 2017); United States v. Henderson, 649 F.3d 955, 964 (9th Cir. 2011). While district courts may certainly conclude that the guidelines sentencing range in child pornography cases is harsher than necessary in many cases, there is no requirement that a district court must categorically reject the child pornography guidelines based on their provenance. And while certain applications of the guidelines can point toward punishing a possessor of child pornography more harshly than one who actually engages in sexual abuse of children, see Dorvee, 616 F.3d at 184, that oddity is not present here, for in addition to possessing child pornography, Aquino-Florenciani produced it by videotaping himself sexually abusing a minor.

## C.

Finally, we dispose of the contention made in Aquino-Florenciani's sealed brief. Because this issue was presented to the court in briefing sealed at Aquino-Florenciani's request, we omit any discussion of the facts prompting his request to seal. We have nonetheless considered the matter and find it without merit.

Aquino-Florenciani acknowledges that the argument contained in the sealed portion of his brief is not one he raised below. Because the argument relies on disputing a factual

conclusion reached in the PSR, and because Aquino-Florenciani acquiesced to this conclusion by failing to object, he arguably waived the issue, in which case we could forgo review entirely. See United States v. Rondón-García, 886 F.3d 14, 25 (1st Cir. 2018); see also United States v. Turbines-Leonardo, 468 F.3d 34, 37-38 (1st Cir. 2006) (finding waiver where a defendant "eschew[ed] a warrantable objection to a conclusion reached in a presentence report"); but see United States v. Nieves-Borrero, 856 F.3d 5, 7-8 (1st Cir. 2017) (noting a dispute as to whether waiver or forfeiture applied and declining to apply waiver because the claim failed plain error review).

But we need not hold the argument waived to decide this issue in favor of the government. Even assuming -- as both the government and Aquino-Florenciani propose -- that plain error review applies, Aquino-Florenciani's argument falters at the first two steps of plain error review because he cannot show clear or obvious error. Mejía-Encarnación, 887 F.3d at 45. To begin with, his argument on appeal relies on materials not in the record, which we generally do not consider. See United States v. Chandler, 534 F.3d 45, 51 (1st Cir. 2008). Moreover, even if we were to look past this deficiency and accept the materials (which we do not discuss because again, at Aquino-Florenciani's request, they are filed under seal), they would not be especially useful to Aquino-Florenciani, as it is not clear that they obviate the conclusions

of the district court to which he only now objects.  For these reasons, we cannot say that error occurred at all, let alone that such error was clear or obvious.  Consequently, even if his objection had not been waived, Aquino-Florenciani could not meet the plain error standard.

### III.

The judgment of the district court is <u>affirmed</u>.