# United States Court of Appeals
## For the First Circuit

No. 18-1605

UNITED STATES OF AMERICA,

Appellee,

v.

MELVIN GOMERA-RODRÍGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Barron, Circuit Judges.

Liza L. Rosado-Rodríguez, Research and Writing Specialist,
Eric Alexander Vos, Federal Public Defender, and Vivianne M.
Marrero, Supervisor, Appeals Section, on brief for appellant.
David C. Bornstein, Assistant United States Attorney, Rosa
Emilia Rodríguez-Vélez, United States Attorney, and Mariana E.
Bauzá-Almonte, Chief, Appellate Division, on brief for appellee.

February 28, 2020

**LYNCH**, **Circuit Judge**.  Melvin Gomera-Rodríguez pleaded guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), to wit, possessing 178 videos, which is equivalent to over 13,000 child pornography images.  He was sentenced to ninety-seven months' imprisonment and twenty years' supervised release.  The sentence was at the low end of the Guidelines Sentencing Range ("GSR").  He appeals his sentence, arguing that the district court's decision not to impose a below-guidelines sentence was procedurally and substantively unreasonable.  We find no error and affirm Gomera's sentence.

I.

Because Gomera pleaded guilty, "we draw the relevant facts from the plea agreement, the change-of-plea colloquy, the undisputed portions of the presentence investigation report ('PSR'), and the transcript of the disposition hearing."  United States v. Hassan-Saleh-Mohamad, 930 F.3d 1, 5 (1st Cir. 2019) (quoting United States v. O'Brien, 870 F.3d 11, 14 (1st Cir. 2017)).

Gomera, a Dominican national and legal permanent resident of the United States, was twenty-three years old at the time of his arrest in 2015.  Gomera then was studying to become an accountant.  He recently had started working as a "child aftercare technician" at a local school.  He had no prior arrest record.

Gomera started collecting child pornography in his teens. His collection contained videos of actual young prepubescent children (often four to seven years old) being subject to bestiality, incest, penetration by adult males, and oral sex. The videos had titles such as "webcam omegle pthc 2015 sister brother lick suck + dog great!!!" and "new pthc 2015 dad + daughter 1.avi." He made these videos available for download by others through a peer-to-peer file-sharing network.

After indictment, Gomera paid $10,000 bail and was released to home detention with restrictions. During this period of home detention, Gomera complied with the conditions of his release and voluntarily attended a treatment program for sex offender defendants. He was released on bond a week after he was arrested and otherwise served no time in prison before sentencing.

On January 9, 2018, Gomera's PSR calculated a Base Offense Level of eighteen. This was enhanced two levels for material involving prepubescent minors, U.S.S.G. § 2G2.2(b)(2); two levels for knowingly engaging in distribution, id. § 2G2.2(b)(3)(F); four levels for material depicting sadistic or masochistic conduct, id. § 2G2.2(b)(4); two levels for the use of a computer in the offense, id. § 2G2.2(b)(6); and five levels for the number of images, id. § 2G2.2(b)(7)(D). It was decreased three levels for his accepting responsibility, id. § 3E1.1(a)-(b). The Total Offense Level was thirty. Gomera had no prior criminal

record and a Criminal History Category of I. The GSR calculated was 97 to 121 months' imprisonment. The PSR noted that, under Application Note 6 to the United States Sentencing Guidelines section 2G2.4, an upward departure may be warranted because multiple videos were more than five minutes in length. There is no claim of guidelines calculation error.

The PSR identified both positive and negative "factors that may warrant a sentence outside of the advisory guidelines." In Gomera's favor, the report noted that he was a twenty-five-year-old "first time offender who has the support from his family and friends[,]" "is employed full-time and [is] close to completing his bachelor's degree." Counter to that, the PSR found that Gomera's child pornography collection was "of real children being subjected to real sexual abuse." "Consumers create the demand that leads to constant exploitation of children," the report stated.

Gomera objected to some portions of the PSR. The Probation Officer made changes in response to several of his smaller requests, such as adding additional information about mitigating circumstances. The Probation Officer rejected Gomera's argument that he did not warrant a two-level enhancement for knowingly distributing child pornography.

Gomera argued at sentencing, inter alia, that he should be sentenced to time served because (1) he was not a risk to the

public and did not require incapacitation through a long sentence and (2) the child pornography possession sentencing guidelines are too strict and not supported by empirical evidence. His lawyer emphasized Gomera's youth and efforts at rehabilitation. She submitted a report on Gomera from a psychologist that stated "[h]is psychosexual development during childhood or adolescence shows no signs of sexual deviancy, nor evidence of common risk factors associated with sexual deviant behavior or pedophilia."

The United States recommended a sentence of ninety-seven months' imprisonment, at the bottom of the GSR. It argued the guidelines provided clear guidance as to Gomera's "culpability and dangerousness to the community, particularly to children." And the government stressed the victimization of the real children shown in the videos.

The district court, as said, sentenced Gomera to ninety-seven months' imprisonment and twenty years' supervised release. During sentencing, the court discussed at length Gomera's employment, educational history, disabilities, participation in the sex offender treatment program, status as a first-time offender, youth, and many other personal characteristics.

The court concluded:

> The circumstances of the offense of conviction reflect, in the Court's estimation, humiliation and degradation suffered by vulnerable young children who are preyed upon by abhorrent acts of sexual abuse. The

- 5 -

legislative history of the statute that criminalizes possession of child pornography acknowledges that those who, like defendant, possess and view child pornography tend to encourage its continued production and distribution.

Having considered the defendant's personal characteristics, the serious nature of the offense, and the need to deter future behavior by defendant and to protect society and its children from future criminal behavior by him, the Court finds that a sentence at the lower end of the applicable guideline imprisonment range is sufficient but not greater than necessary to meet objectives of punishment and of deterrence in this case.

Gomera's lawyer then objected on grounds of procedural and substantive unreasonableness. When the court asked how the sentence was procedurally unreasonable, his lawyer stated that the sentence suggested the court viewed the guidelines as mandatory. The court responded, "I don't know where you get the idea that I understood it was mandatory. The Court considered the guidelines computations, yes, but the guidelines are advisory."

Gomera's lawyer then stated that the sentence was substantively unreasonable because "there is nothing in [Gomera's] history, characteristics, in the record, . . . presented by the Government or in the PSR that suggests that there were any other aggravating factors besides the offensive conduct that led to [Gomera's] conviction." The Court denied that the sentencing was "something mechanic." It said that it considered Gomera's personal characteristics and specifically highlighted the fact that he

voluntarily went to sex offender treatment.  The court said that it watched videos Gomera's family members submitted.  It "gave a lot of weight to [Gomera's] allocution."  It considered "all aspects" of the case.

## II.

We review the sentence first for procedural reasonableness and then for substantive reasonableness.  Hassan-Saleh-Mohamad, 930 F.3d at 6 (quoting United States v. Rodríguez-Reyes, 925 F.3d 558, 562-63 (1st Cir. 2019)).

### A.   Procedural Reasonableness

Gomera makes two procedural arguments on appeal.  First, he argues that "[t]he court committed procedural error by giving undue weight to the offense in detriment of other sentencing factors and failing to justly consider his personal characteristics."  Second, he argues that "[t]he court committed procedural error by failing to consider the lack of empirical basis for the Child Pornography Guidelines."

We will assume, favorably to Gomera, that the standard of review for Gomera's first procedural claim is for abuse of discretion.[1]  See United States v. Caballero-Vázquez, 896 F.3d 115,

---

[1]    "Preserved claims of sentencing error are generally reviewed for abuse of discretion.  However, when a defendant fails to contemporaneously object to the procedural reasonableness of a court's sentencing determination, we review for plain error."  United States v. Sayer, 916 F.3d 32, 37 (1st Cir. 2019) (internal citations omitted).

120 n.1 (1st Cir. 2018).  The standard of review for Gomera's second unpreserved procedural claim is plain error.  United States v. Sayer, 916 F.3d 32, 37 (1st Cir. 2019).

As to the first procedural argument, there was no abuse of discretion.  It is clear the district court explicitly considered Gomera's personal circumstances.  Gomera disagrees with the court's balancing of sentencing factors.  This is not a viable claim of procedural error.  A district court's choice to "weigh[] the factors differently than [Gomera would have] is not error." United States v. Contreras-Delgado, 913 F.3d 232, 242 (1st Cir. 2019).

Gomera's second unpreserved procedural claim is reviewed for plain error.  Sayer, 916 F.3d at 37.  When the district court asked Gomera to specify his procedural unreasonableness claims, he did not make this argument.  Nor did he argue that the court was required to explicitly address the issue of the empirical basis

---

Although Gomera objected to the procedural reasonableness of his sentence at the sentencing hearing, his specific objection was only that the district court "believes or took the guidelines as mandatory instead of advisory."  When pressed by the court to explain this objection, Gomera said that "the Court may have treated the guidelines almost as mandatory, because in this case there is an inordinate amount of mitigating factors . . . and it is our position that the Court failed to explain why a sentence so harsh in this case is appropriate."

Viewing the sentencing guidelines as mandatory (the issue Gomera raised at sentencing) and failing to properly weigh sentencing factors (the error he claims now) are distinct claims. Nonetheless, we assume in Gomera's favor that the first procedural claim should be reviewed under the abuse of discretion standard.

for the child pornography guidelines.  The record does not show that the court failed to consider the "empirical basis" argument to the extent it related to Gomera's claim that the court treated the guidelines as mandatory.  The record also does not show that the court failed to consider the empirical basis argument when it was made before sentencing.  There was no error.

Nothing compelled the district court to reject the guidelines based on Gomera's argument.  A court does not "abuse[] its discretion per se when it does not reject the child pornography guidelines," let alone commit plain error.  United States v. Aquino-Florenciani, 894 F.3d 4, 8 (1st Cir. 2018).  "[T]here is no requirement that a district court must categorically reject the child pornography guidelines based on their provenance."  Id.

Nor was the district court required to address this argument explicitly at sentencing.  In United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011), we found "unpersuasive the appellant's insistence that the district court's failure at sentencing to address his policy argument evinces" any kind of error.  "[T]he sentencing court listened to the arguments proffered at the disposition hearing and carefully explained why its chosen sentence fit both the offender and the circumstances of the offense."  Id.  "A reviewing court should be reluctant to read too much into a district court's failure to respond explicitly to particular sentencing arguments."  Id.

B.    Substantive Reasonableness

Gomera's final argument is that the ninety-seven-month sentence was substantively unreasonable given Gomera's youth and lack of criminal record.   We review preserved substantive reasonableness claims for abuse of discretion.   See Aquino-Florenciani, 894 F.3d at 8 (citing United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015)).

A sentence is substantively reasonable if the district court provided a "plausible sentencing rationale and reached a defensible result."   United States v. Coffin, 946 F.3d 1, 8 (1st Cir. 2019) (quoting United States v. Abreu-García, 933 F.3d 1, 6 (1st Cir. 2019)).

The court's rationale, stated earlier, disposes of this concern.   The images of the abuse of real young children were profoundly disturbing, as the court highlighted.   Gomera had recently taken a job giving him access to young children, and he acknowledged his viewing of the images increased his sexual arousal.

The court articulated its concern about those who provide a market for the images resulting from the sexual abuse of young children.   "Congress reasonably determined that it was necessary to reduce 'both supply and demand in the interstate market' for child pornography."   United States v. Blodgett, 872 F.3d 66, 71 (1st Cir. 2017) (quoting United States v. Paige, 604

- 10 -

F.3d 1268, 1273-74 (11th Cir. 2010)). "In making this judgment, Congress recognized —- reasonably, we think —- that manufacturers and distributors of child pornography cannot thrive without consumers eager to embrace the smut that they produce." Id. The district court could perfectly well agree with Congress.

"Challenging a sentence as substantively unreasonable is a burdensome task in any case, and one that is even more burdensome where, as here, the challenged sentence is within a properly calculated GSR." Clogston, 662 F.3d at 592-93. "Within-guidelines sentences are entitled to a presumption of reasonableness," United States v. Rodríguez-Adorno, 852 F.3d 168, 178 (1st Cir. 2017), a presumption Gomera has not overcome.

III.

Affirmed.