# United States Court of Appeals
## For the First Circuit

No. 19-2092

UNITED STATES OF AMERICA,

Appellee,

v.

DAMIAN A. OUELLETTE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Lance E. Walker, U.S. District Judge]

Before

Lynch, Barron, Circuit Judges.
Burroughs,* District Judge.

Jon A. Haddow and Farrell, Rosenblatt & Russell, on brief for appellant.
Noah Falk, Assistant United States Attorney, and Halsey B. Frank, United States Attorney, on brief for appellee.

January 14, 2021

_____
* Of the District of Massachusetts, sitting by designation.

**Burroughs, District Judge.** Damian A. Ouellette pleaded guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Ouellette to seventy-two months of incarceration. On appeal, Ouellette challenges his sentence, contending that the district court miscalculated his base offense level under the Sentencing Guidelines. Following our review of the Guidelines calculation and the sentencing hearing transcript, we find that the sentence imposed was reasonable and we therefore affirm.

I.

Because Ouellette pleaded guilty, we draw the relevant facts from the undisputed portions of the presentence investigation report ("PSR") and the transcript of the sentencing hearing. See United States v. Benoit, 975 F.3d 20, 21 (1st Cir. 2020).

On November 2, 2018, while Ouellette was on probation following a state conviction for theft, local police officers were called to his home to respond to a domestic violence disturbance. Once there, the officers learned that Ouellette had assaulted and choked his wife until she nearly lost consciousness. His wife told the officers that her child had found a gun that Ouellette had been hiding in their bedroom. The officers then searched the home pursuant to a warrant and found a loaded firearm. Because Ouellette was a convicted felon, he was prohibited from possessing

- 2 -

a firearm.

On January 30, 2019, Ouellette pleaded guilty to one count of being a felon in possession of a firearm. In its PSR, Probation determined that Ouellette had a base offense level ("BOL") of fourteen because he was a "prohibited person" as defined by the Guidelines when he committed the offense. The Government objected, arguing that because Ouellette had a prior felony conviction for a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A), namely robbery with a dangerous weapon, his BOL should be twenty. Before sentencing, after briefing by both sides, the district court issued a written opinion in which it agreed with the Government that the prior conviction qualified as a crime of violence, resulting in a BOL of twenty.

Given Ouellette's lengthy criminal history, a BOL of fourteen, as initially recommended by Probation, would have resulted in an advisory Guidelines sentence range of forty-one to fifty-one months, whereas a BOL of twenty increased the advisory range to seventy-seven to ninety-six months.

At sentencing, the district court reiterated its finding on the enhancement, found that the total adjusted offense level was twenty-one after accounting for an obliterated serial number on the firearm and Ouellette's acceptance of responsibility, and then reviewed various 18 U.S.C. § 3553(a) factors, including Ouellette's youth, difficult upbringing, long criminal history,

and serious history of substance abuse. In particular, the district court, noting that the charge arose out of a domestic violence incident, stated that "the nature and circumstance of this particular offense strikes me as something significantly more severe than what we might refer to as a garden variety prohibited person in possession of a firearm, and that concerns me." The district court also referenced the briefing relative to determining the BOL and said that it was "not enthused" about the "methodology" prescribed to determine whether the state robbery offense was a crime of violence for purposes of the Sentencing Guidelines.

The district court then announced that it was going to "give a below guideline sentence" and ultimately sentenced Ouellette to seventy-two months' incarceration. In varying from the Guidelines, the district court made the following remarks:

> I've carefully considered the objections to
> the guideline analysis as they would affect
> the defendant's total offense level. And even
> if I had accepted or come out to -- arrived at
> a different conclusion regarding those
> objections, the sentence I have announced
> today is untethered from the guidelines. I
> would impose precisely the same sentence even
> if the applicable sentencing guideline range
> would have been reduced by any or all of the
> objections made for the reasons that I have
> articulated in some detail.

## II.

Ouellette, in his timely filed appeal, argues that the

district court misapplied the Guidelines in determining that his prior conviction for armed robbery was a crime of violence for purposes of calculating his BOL. The Government contends first that any alleged error was harmless because the sentence imposed was independent of the Guidelines, and second that there was no error.[1]

When reviewing sentencing appeals, "[w]e first consider whether the sentence is procedurally reasonable, and then consider whether it is substantively reasonable." United States v. Hassan-Saleh-Mohamad, 930 F.3d 1, 6 (1st Cir. 2019) (quoting United States v. Rodríguez-Reyes, 925 F.3d 558, 562-63 (1st Cir. 2019)).

A.    Procedural Reasonableness

Where, as here, preserved claims of procedural error are under review, we

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.

United States v. Ayala-Vazquez, 751 F.3d 1, 29 (1st Cir. 2014)

---

[1] Ouellette did not address the Government's first argument in his opening brief, but responded to it in his reply brief, stating that even if the district court varied from the Guidelines, the BOL of twenty was still the improper starting point for that variance.

(alteration in original) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "When mulling the procedural reasonableness of a sentence, we afford de novo review to the sentencing court's interpretation and application of the sentencing guidelines, assay the court's factfinding for clear error, and evaluate its judgment calls for abuse of discretion." United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015).

An error in calculating the Guidelines range can result in remand when the incorrect Guidelines calculation is used as the baseline for arriving at a sentence, even if the sentence ultimately varies from the Guidelines range. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1345–46 (2016). "There may be instances," however, "when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist." Id. at 1346. For example, we have consistently held that when a sentencing court makes clear that it would have entered the same sentence regardless of the Guidelines, any error in the court's Guidelines calculation is harmless. See United States v. Ortiz-Álvarez, 921 F.3d 313, 319 (1st Cir. 2019) ("That independent justification shows that the district court, while cognizant of the dueling guidelines calculations, 'intended to untether' its sentence from the guidelines calculations presented to him (and any errors in them), refuting [appellant's] claim of prejudice." (quoting United States v. Hudson, 823 F.3d 11, 19 (1st Cir.

- 6 -

2016))); United States v. Acevedo-Hernández, 898 F.3d 150, 172 (1st Cir. 2018) ("In light of this clear indication in the record that the court would have imposed the same sentence even without any of the alleged errors, we find that any errors in calculating [appellant's] GSR would have been harmless."); United States v. Marsh, 561 F.3d 81, 86 (1st Cir. 2009) ("[T]he district court stated that it would have imposed the same sentence as a non-Guideline sentence under 18 U.S.C. § 3553(a). If we find an alleged Guideline error would not have affected the district court's sentence, we may affirm." (citation omitted)).

It was within the district court's discretion to impose a sentence outside of the Guidelines range. Because the district court made clear that it would have imposed the same sentence regardless of the Guidelines, any alleged error in calculating Ouellette's BOL is harmless. See United States v. Tavares, 705 F.3d 4, 25-27 (1st Cir. 2013) ("An error is harmless if it 'did not affect the district court's selection of the sentence imposed.'" (quoting Williams v. United States, 503 U.S. 193, 203 (1992))).[2]

B.   Substantive Reasonableness

Ouellette did not object to the reasonableness of his

---

[2] We note that Ouellette makes no argument in his opening brief to us that the district court's failure to expressly justify the variance from the alternative Guidelines range precludes us from finding harmless error.

- 7 -

sentence during the sentencing hearing, nor has he explicitly challenged the substantive reasonableness of his sentence on appeal.  "However, even if we are satisfied that an error did not affect the district court's determination of the sentence, we still must review the sentence for substantive reasonableness."  Id. at 27.

"A sentence is substantively reasonable if the district court provided a 'plausible sentencing rationale and reached a defensible result.'"  United States v. Gomera-Rodríguez, 952 F.3d 15, 20 (1st Cir. 2020) (quoting United States v. Coffin, 946 F.3d 1, 8 (1st Cir. 2019)).  Under the totality of the circumstances, including the district court's concern with Ouellette's long pattern of repeated convictions and probation violations, as well as the underlying domestic violence incident connected to his conviction in this case, the seventy-two-month sentence is a defensible result, supported by a plausible rationale.

III.

For the reasons given, we find that the sentence imposed was reasonable.

Affirmed.